# EXHIBIT C

FILED
6/29/2024 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cynthia R Willis DEPUTY

1 CIT ESERVE

CAUSE NO. DC-24-09133 _____

| | | |
|---|---|---|
| SARAH SMITH, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| vs. | § § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § § § | DALLAS COUNTY, TEXAS  192nd |
| Defendant. | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Sarah Smith, ("Ms. Smith"), Plaintiff herein, files this Original Petition against Allstate Vehicle and Property Insurance Company ("Allstate") and, in support of her causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1. Ms. Smith is a Texas resident who resides in Dallas County, Texas.

2. Allstate is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.
## DISCOVERY

3. This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Ms. Smith currently seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6. Venue is proper in Dallas County because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). In particular, the loss at issue occurred in Dallas County.

## V.
## FACTUAL BACKGROUND

7. Ms. Smith is a named insured under a property insurance policy issued by Allstate.

8. On or about March 5, 2023 a storm hit the DeSoto, Texas area, damaging Ms. Smith's house and other property. Ms. Smith subsequently filed a claim on her insurance policy.

9. Allstate improperly denied and/or underpaid the claim.

10. The adjuster assigned to this claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages were observed during the inspection, and undervalued the damages observed during the inspection.

11. The adjuster's unreasonable investigation led to the underpayment of Ms. Smith's claim.

12. Moreover, Allstate performed an outcome-oriented investigation of Ms. Smith's claim, which resulted in a biased, unfair and inequitable evaluation of Ms. Smith's losses on the property.

## VI.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

### A.   Breach of Contract

14. Allstate had a contract of insurance with Ms. Smith. Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Ms. Smith was damaged thereby.

### B.   Prompt Payment of Claims Statute

15. The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

16. Ms. Smith, therefore, in addition to Ms. Smith's claim for damages, is entitled to interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### C.   Bad Faith

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated § 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated § 541.060 by:

    (1) misrepresenting to Ms. Smith a material fact or policy provision relating to coverage at issue;

3

    (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)    failing to promptly provide to Ms. Smith a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)    failing within a reasonable time to affirm or deny coverage of a claim to Ms. Smith or submit a reservation of rights to Ms. Smith; and

    (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. Defendant violated § 541.061 by:

    (1)    making an untrue statement of material fact;

    (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)    making a material misstatement of law; and

    (5)    failing to disclose a matter required by law to be disclosed.

21. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

22. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D.    Attorneys' Fees**

23. Ms. Smith engaged the undersigned attorney to prosecute this lawsuit against Allstate and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

24. Ms. Smith is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Allstate, and Allstate did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

25. Ms. Smith further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

26. All conditions precedent to Ms. Smith's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Ms. Sarah Smith prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Ms. Smith be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Smith may show sherself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: __/s/ *Kristina Frankel*__
    Kristina Frankel
    TBA No. 24050625
    kfrankel@dalyblack.com
    Richard D. Daly
    TBA No. 00796429
    rdaly@dalyblack.com
    ecfs@dalyblack.com
    2211 Norfolk St., Suite 800
    Houston, Texas 77098
    713.655.1405—Telephone
    713.655.1587—Fax

    **ATTORNEYS FOR PLAINTIFF**